**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-447-RJC-DCK**

| | |
|---|---|
| SANDRA D. HENDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND** |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| NOVANT MEDICAL GROUP, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 9). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>denied</u>.

## I. BACKGROUND

Sandra D. Henderson ("Plaintiff" or "Henderson") filed a "Complaint" (Document No. 1) against Novant Medical Group, Inc., d/b/a First Charlotte Physicians Matthews ("Defendant" or "Novant") on July 21, 2012. The Complaint asserts three counts of wrongful termination: (1) based on race, pursuant to Title VII, 42 U.S.C. § 2000e *et seq.*; (2) in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, Section 15(a)(3) ("FLSA"); and (3) in violation of the public policy of the State of North Carolina. (Document No. 1, pp.4-6).

"Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 9) was filed on October 31, 2012. Defendant's motion seeks dismissal of Plaintiff's Title VII wrongful termination claim (Count I) pursuant to Fed.R.Civ.P. 12(b)(6) for failure to assert facts

establishing the plausibility of the allegation. (Document No. 10). The pending motion to dismiss does not seek dismissal of Plaintiff's other claims. (Document No. 10, p.4) ("For purposes of the Motion to Dismiss only, Defendant concedes that Plaintiff has met the minimum pleading requirements for an FLSA-related claim –FLSA retaliation and wrongful termination in contradiction of public policy for complaining of wrongful pay practices.").

"Plaintiff's Reply To Defendant's Motion To Dismiss" (Document No. 11) was filed on November 18, 2012, and was construed by the Court as Plaintiff's "Response" to the pending motion. See Local Rule 7.1 (E). Plaintiff's response argues that the motion to dismiss should be denied, or in the alternative, Plaintiff should be allowed to file an Amended Complaint. (Document No. 12).

A "Reply To Plaintiff's Brief In Support Of Reply To Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 13) was then filed on November 29, 2012.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at

1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(citations omitted).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

In the interests of judicial economy and efficient case management, the undersigned finds that the alternative relief requested by Plaintiff in her brief in response should be allowed, and therefore, the undersigned will respectfully recommend that "Defendant's Motion To Dismiss…" be denied without prejudice. Plaintiff essentially contends that the alleged flaws in her Complaint are "largely errors of omission" that can be corrected. (Document No. 12). Specifically, Plaintiff states that "[i]f the Court determines that additional factual allegations would be useful in illustrating the conduct of the Defendant, the Plaintiff is quite willing to elaborate further on the facts which have already been pled." (Document No. 12, p.5).

3

The undersigned will decline to express an opinion at this time as to the adequacy of the "Complaint" (Document No. 1), but will agree that it appears that "additional factual allegations would be useful in illustrating the conduct of the Defendant." Id. The undersigned notes that Defendant's reply brief fails to object, or make any argument, as to Plaintiff's alternative request to amend to add additional factual allegations. (Document No. 13).

Under the circumstances, allowing an Amended Complaint may be the most efficient means of addressing the alleged deficiencies in the current Complaint. In fact, if Plaintiff had filed a proper motion to amend, or if Defendant had responded to Plaintiff's alternative request to amend, several months of delay in this lawsuit might have been avoided. The undersigned agrees that the parties will suffer little, if any, prejudice if Plaintiff is allowed to file an Amended Complaint. If Defendant believes an Amended Complaint is also deficient, Defendant may promptly renew its motion to dismiss.

In addition, since there appears to be no dispute that at least two of Plaintiff's claims should survive for the time being, the undersigned finds that the parties should conduct an Initial Attorney's Conference, and file a Certification of Initial Attorney's Conference, so that the Court can prepare a Pretrial Order and Case Management Plan. See Local Rule 16.1.

## IV. ORDER AND RECOMMENDATION

**IT IS, THEREFORE, ORDERED** that Plaintiff shall file an Amended Complaint on or before **April 19, 2013**.

**IT IS FURTHER ORDERED** that the parties shall file a Certification of Initial Attorney's Conference on or before **May 1, 2013**.

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 9) be **DENIED WITHOUT PREJUDICE**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED AND ORDERED**.

Signed: April 8, 2013

David C. Keesler
United States Magistrate Judge