UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-447-RJC-DCK

| | |
|---|---|
| SANDRA D. HENDERSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NOVANT MEDICAL GROUP, INC., )<br>)<br>Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss, (Doc. No. 9), and the Magistrate Judge's Memorandum and Recommendation and Order ("MR&O"), (Doc. No. 14), allowing Plaintiff to amend her Complaint and recommending that this Court deny Defendant's Motion to Dismiss without prejudice. The parties have not filed objections to the MR&O and the time for doing so has expired. FED. R. CIV. P. 72(b)(2).

**I.    BACKGROUND**

Plaintiff filed a Complaint, (Doc. No. 1), on July 21, 2012. The Complaint asserts three counts of wrongful termination. (Doc. No. 1 at 4-6). Defendant filed a Motion to Dismiss, (Doc. No. 9), on October 31, 2012. Defendant's Motion seeks dismissal of Plaintiff's Title VII wrongful termination claim (Count I) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to assert facts establishing the plausibility of the allegation. See (Doc. No. 10). The pending Motion to Dismiss does not seek dismissal of Plaintiff's other claims. (Id. at 4).

Plaintiff filed a Reply on November 18, 2012, (Doc. No. 11), which was construed by the Magistrate Judge as Plaintiff's Response to the pending motion. See Local Rule 7.1 (E). In her

Response, Plaintiff argues that the Motion to Dismiss should be denied or, in the alternative, Plaintiff should be allowed to file an Amended Complaint. (Doc. No. 12). Defendant filed a Reply on November 29, 2012. (Doc. No. 13).

In his MR&O, the Magistrate Judge recommended that this Court deny without prejudice the pending Motion to Dismiss. See (Doc. No. 14). The Magistrate Judge further indicated that Plaintiff should file her amended complaint on or before April 19, 2013. (Id. at 4). Plaintiff timely filed an Amended Complaint on April 16, 2013. See (Doc. No. 15).

## II.  STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note).

**III.    DISCUSSION**

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an MR&O to which specific written objection has been made.  FED. R. CIV. 72(b).  No objection to the MR&O having been filed, the parties have waived their right to de novo review of any issue covered in the MR&O.  Nevertheless, this Court has conducted a full and careful review of the MR&O and other documents of record and, having done so, hereby finds that the recommendation of the Magistrate Judge is in accordance with the law and should be approved in part.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings must be dismissed as moot.  Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule . . . is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also Collin v. Marconi Commerce Sys. Employees' Ret. Plan, 335 F. Supp. 2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiff's filing of the Second Amended Complaint"); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint).  Although the Magistrate Judge recommended that the Motion to Dismiss be denied without prejudice, this Court finds that the Motion should be dismissed as moot.  See id.  Accordingly, the Court **ADOPTS in part** the recommendation of the Magistrate Judge and **DISMISSES** Defendant's Motion to Dismiss, (Doc. No. 9), as moot.

**IV.    CONCLUSION**

**IT IS, THEREFORE, ORDERED** that the Magistrate Judge's MR&O, (Doc. No. 14),

is **ADOPTED in part** and Defendant's Motion to Dismiss, (Doc. No. 9), is **DISMISSED as moot.**

Signed: April 29, 2013

Robert J. Conrad, Jr.
Chief United States District Judge